FILED

2009 Aug-19  PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

LESTER CARPENTER REED,               )
                                     )
      Plaintiff,                   )
                                     )
v.                                   )         Case No.: 5:08-cv-01307-IPJ
                                     )
RICHARD ALLEN, et. al.,              )
                                     )
      Defendants.                  )

## MEMORANDUM OPINION

On July 24, 2009, the magistrate judge entered a Report and Recommendation in this matter finding that the defendants were entitled to qualified immunity under the circumstances alleged by the plaintiff.  (Doc. 18).[1]  The parties were allowed fifteen (15) days in which to file objections to the recommendation made by the magistrate judge.  (*Id.*).  On August 10, 2009, the plaintiff filed his objections.  (Doc. 20).  For the following reasons, the plaintiff's objections are due to be overruled.

In order to overcome the defense of qualified immunity,  the plaintiff must show that the official violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Conn v. Gabert*, 526 U.S. 286, 290 (1999).  The right which the official is alleged to have violated must have been clearly established at the time of the conduct in question.  The magistrate judge found that the defendants are entitled to qualified immunity because the plaintiff fails to show that the HIV inmate policy violates a clearly established constitutional right to inmates' privacy regarding HIV status, citing *Harris v. Thigpen*, 941 F.2d 1495 (11th Cir 1991) (holding that a HIV-positive prisoner's

---

[1] References herein to "Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in this matter.

right of privacy must yield to the prison administration's right to control prison security and prevent the spread of communicable diseases).

The plaintiff argues that because *Harris* involved a policy of total segregation, whereas the present case involves a policy of "HIV integration-socialization with non-HIV inmates," the *Harris* holding should not apply to the case at hand.  (Doc. 20 at 6).  However, both policies involve separate housing for HIV-positive inmates, necessarily involving some measure of non-consensual disclosure which is the basis of the plaintiff's claim.  The plaintiff's objection merely points out distinctions between the policies in *Harris* and those in question which are immaterial to the question of whether inmates enjoy a  constitutionally protected right to privacy against the involuntary disclosure of  HIV status.  Because the plaintiff fails to show that the ADOC policy violates a clearly established constitutional protection against the non-consensual disclosure of HIV status, the defendants are entitled to qualified immunity.

In his objections, the plaintiff also argues that magistrate judge failed to address his claim that the policy of publishing HIV-positive inmates' name and prison number in the prison newsletter, under the "Special Unit" section violates his right to medical privacy.  (Doc. 20 at 10).  For the reasons stated above, until the plaintiff can show that he was entitled to a clearly established constitutional protection against the non-consensual disclosure of HIV inherent to being placed in special housing, the defendants are entitled to qualified immunity for the resulting non-consensual disclosure of HIV status as a special-housing inmate.

The plaintiff further argues that the magistrate judge failed to analyze the case at hand under the four part test for evaluating a prisoner's claims as set out in *Turner v. Safely*, 482 U.S. 78 (1987), and specifically failed to consider alternatives to the wristband policy proposed by the plaintiff which would

serve the same penological interests, such as by adding number codes to identification cards currently used by all inmates.  (Doc. 20 at 4-5).  Because the *Harris* court analyzed a conservative blanket segregation policy for HIV positive inmates and found that it was a reasonable infringement on inmates' privacy rights in light of the interests at stake, the question of whether the plaintiff was entitled to a constitutional protection against non-consensual disclosure of HIV status has been settled.  *Harris v. Thigpen*, 941 F.2d 1495 (11th Cir 1991).  Additionally, in suggesting that there are more discrete methods available which would provide a "semibalance of medical privacy," (doc. 20 at 5), the plaintiff appears to concede that the involuntary disclosure of prisoners' HIV status is an essential byproduct of the ADOC policy, whether through wristbands or numbered identification cards.  As noted by the court in *Harris*, "Just as one cannot be 'a little bit pregnant,' disclosure of one's HIV status either occurs or it does not."  *Harris*, 941 F.2d at 1517.

Finally, the plaintiff claims for the first time in his objection to the magistrate's report and recommendation that "[b]ecause the plaintiff is marked as being HIV-positive among the greater inmate population there is an unreasonable risk of bodily harm to occur by those inmates who may act out of ignorance and fear," and therefore the wristband policy "violates the plaintiff's Eighth Amendment rights to reasonable personal safety." (Doc. 20 at 10).  To the extent the plaintiff attempts to raise a failure to protect claim, the filing of objections is not a proper vehicle to make new allegations or present additional evidence.  If the plaintiff desires to assert such additional claims, he must do so, if at all, in a separate § 1983 action.

After careful consideration of the record in this case, the magistrate judge's findings and recommendation and objections thereto, the Court hereby **OVERRULES** the objections, **ADOPTS** the findings of the magistrate judge, and **ACCEPTS** the recommendation of the magistrate judge that the

defendants are entitled to summary judgment on all claims brought by the plaintiff.  A Final Judgment will be entered.

DONE, this the 19th day of August, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE